UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

KIMBERLEE DEPUY,

                    Plaintiff,

     -against-

OFFIT KURMAN, P.A., AARON
BUKOWITZ, ROBERT SKINNER, and
KARLA STATES,

                   Defendants.

-------------------------------------------------------- X

Civil Action No. 1:23-cv-10961

**ANSWER AND DEFENSES TO
PLAINTIFF'S AMENDED
COMPLAINT**

     Defendants OFFIT KURMAN, P.A. ("Offit Kurman"), AARON BUKOWITZ ("Bukowitz"), ROBERT SKINNER ("Skinner"), and KARLA STATES ("States") (collectively, "Defendants"), by and through their attorneys, GORDON REES SCULLY MANSUKHANI LLP, hereby submit the following as their answer and defenses to the Amended Complaint (the "Complaint") filed by Plaintiff KIMBERLEE DEPUY ("DePuy" or "Plaintiff"):

### <u>ANSWERING "PRELIMINARY STATEMENT"</u>

     1.     Deny the allegations set forth in paragraph "1" of the Complaint.

     2.     Deny the allegations set forth in paragraph "2" of the Complaint.

### <u>ANSWERING "PARTIES"</u>

     3.     Admit the allegations set forth in paragraph "3" of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff's current residence.

     4.     Admit the allegations set forth in paragraph "4" of the Complaint.

     5.     Admit the allegations set forth in paragraph "5" of the Complaint.

     6.     Deny the allegations set forth in paragraph "6" of the Complaint.

7.      Admit the allegations set forth in paragraph "7" of the Complaint, except deny that Plaintiff transferred from the Virginia office to the address listed for the New York office, and respectfully refer all questions of law to the Court.

8.      Admit the allegations set forth in paragraph "8" of the Complaint, and respectfully refer all questions of law to the Court.

9.      Deny the allegations set forth in paragraph "9" of the Complaint, and respectfully refer all questions of law to the Court.

10.      Deny the allegations set forth in paragraph "10" of the Complaint, and respectfully refer all questions of law to the Court.

11.      Deny the allegations set forth in paragraph "11" of the Complaint, except admit that States was at some relevant times the Director of HR for Offit Kurman, and respectfully refer all questions of law to the Court.

### ANSWERING "FACTUAL BACKGROUND"[1]

ANSWERING "Plaintiff Suffers From Generalized Anxiety Disorder And TMJ Disorder"

12.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

ANSWERING "Defendant Offit Kurman Hires Plaintiff"

14.      Admit the allegations set forth in paragraph "14" of the Complaint.

15.      Admit the allegations set forth in paragraph "15" of the Complaint.

---

[1] For ease of reference, the headings and subheadings from Plaintiff's Complaint have been copied herein. To the extent these headings or subheadings constitute additional factual allegations requiring response, Defendants deny them.

16.    Deny the allegations set forth in paragraph "16" of the Complaint.

17.    Admit the allegations set forth in paragraph "17" of the Complaint.

18.    Admit the allegations set forth in paragraph "18" of the Complaint.

19.    Deny the allegations set forth in paragraph "19" of the Complaint.

ANSWERING "Defendant Bukowitz And Other Supervisors Help The Male Regional
Managers Deal With Problematic Employees"

20.    Admit the allegations set forth in paragraph "20" of the Complaint.

21.    Deny the allegations set forth in paragraph "21" of the Complaint.

22.    Admit the allegations set forth in paragraph "22" of the Complaint, but deny
Plaintiff's insinuation that she was not provided the same support.

23.    Admit the allegations set forth in paragraph "23" of the Complaint.

24.    Deny the allegations set forth in paragraph "24" of the Complaint, except deny
knowledge or information sufficient to form a belief as to what Plaintiff allegedly "noticed."

25.    Deny the allegations set forth in paragraph "25" of the Complaint.

26.    Admit the allegations set forth in paragraph "26" of the Complaint.

27.    Deny the allegations set forth in paragraph "27" of the Complaint, but deny
knowledge or information to form a belief as to Plaintiff's mental or emotional state.

ANSWERING "Plaintiff Quickly Learns That Defendant Offit Kurman Is A Sexist, Male-
Dominated Work Environment"

28.    Deny the allegations set forth in paragraph "28" of the Complaint, but deny
knowledge or information to form a belief as to Plaintiff's discussions.

29.    Deny the allegations set forth in paragraph "29" of the Complaint, but deny
knowledge or information to form a belief as to Plaintiff's discussions.

30.    Deny the allegations set forth in paragraph "30" of the Complaint.

31.    Deny the allegations set forth in paragraph "31" of the Complaint.

32.     Deny the allegations set forth in paragraph "32" of the Complaint.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Complaint.

38.     Deny the allegations set forth in paragraph "38" of the Complaint.

39.     Deny the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

41.     Deny the allegations set forth in paragraph "41" of the Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

43.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45.     Deny the allegations set forth in paragraph "45" of the Complaint.

46.     Deny the allegations set forth in paragraph "46" of the Complaint.

47.     Deny the allegations set forth in paragraph "47" of the Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Complaint.

ANSWERING "Defendant Offit Kurman Instructs Plaintiff to "Counsel" The Male Attorney

<u>About Whom She Complained So He Can Be Rewarded"</u>

51.     Deny the allegations set forth in paragraph "51" of the Complaint.

52.     Deny the allegations set forth in paragraph "52" of the Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Complaint.

54.     Admit the allegations set forth in paragraph "54" of the Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Complaint.

<u>ANSWERING "Defendant Offit Kurman Accidentally Distributes Salary Data Revealing
Significant Gender-Based Unequal Pay"</u>

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Complaint.

58.     Deny the allegations set forth in paragraph "58" of the Complaint, but deny knowledge or information sufficient to form a belief as to Plaintiff's mental or emotional state.

<u>ANSWERING "The Sexist, White Male-Dominated Work Environment Continues Unabated"</u>

59.     Deny the allegations set forth in paragraph "59" of the Complaint, except admit that Plaintiff began working with Steve Hessler in or around late 2017.

60.     Deny the allegations set forth in paragraph "60" of the Complaint.

61.     Deny the allegations set forth in paragraph "61" of the Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "62" of the Complaint.

63.     Deny the allegations set forth in paragraph "63" of the Complaint.

64.     Deny the allegations set forth in paragraph "64" of the Complaint.

65.     Deny the allegations set forth in paragraph "65" of the Complaint.

66.     Deny the allegations set forth in paragraph "66" of the Complaint.

67.     Deny the allegations set forth in paragraph "67" of the Complaint.

68.     Deny the allegations set forth in paragraph "68" of the Complaint.

69.     Deny the allegations set forth in paragraph "69" of the Complaint.

70.     Deny the allegations set forth in paragraph "70" of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff's mental or emotional state.

ANSWERING "Plaintiff Relocates To Help Defendant Offit Kurman Open Their NYC Office"

71.     Deny the allegations set forth in paragraph "71" of the Complaint, except admit that Plaintiff was made aware there would be availability for a Regional Manager position in Offit Kurman's New York City office.

72.     Admit the allegations set forth in paragraph "72" of the Complaint.

73.     Admit the allegations set forth in paragraph "73" of the Complaint, except deny that Offit said he wanted "only" Plaintiff for the role in the New York office.

74.     Admit the allegations set forth in paragraph "74" of the Complaint.

75.     Admit the allegations set forth in paragraph "75" of the Complaint, except deny that Plaintiff received a $20,000 bonus for "excellent" performance at the time of her relocation to New York City.

76.     Deny the allegations set forth in paragraph "76" of the Complaint.

ANSWERING "Defendants Continues To Create A Hostile Work Environment For Women In NYC"

77.     Deny the allegations set forth in paragraph "77" of the Complaint.

78.     Deny the allegations set forth in paragraph "78" of the Complaint, except admit that Attorney 2 ceased working for Offit Kurman in or around Spring 2018.

79.     Admit the allegations set forth in paragraph "79" of the Complaint, except deny knowledge or information sufficient to form a belief as to Attorney 2's desire to have more

children.

80.     Deny the allegations set forth in paragraph "80" of the Complaint.

81.     Deny the allegations set forth in paragraph "81" of the Complaint.

82.     Deny the allegations set forth in paragraph "82" of the Complaint.

83.     Deny the allegations set forth in paragraph "83" of the Complaint

84.     Deny the allegations set forth in paragraph "84" of the Complaint

85.     Deny the allegations set forth in paragraph "85" of the Complaint.

ANSWERING "Defendant Again Ignores A Complaint Of Discrimination"

86.     Deny the allegations set forth in paragraph "86" of the Complaint.

87.     Deny the allegations set forth in paragraph "87" of the Complaint.

88.     Deny the allegations set forth in paragraph "88" of the Complaint.

89.     Deny the allegations set forth in paragraph "89" of the Complaint.

90.     Deny the allegations set forth in paragraph "90" of the Complaint.

ANSWER "Plaintiff Excels In Her Role And Earns A Promotion"

91.     Deny the allegations set forth in paragraph "91" of the Complaint, except admit that Bukowitz praised the New York City region's financial success.

92.     Deny the allegations set forth in paragraph "92" of the Complaint, but admit that Plaintiff's title was changed in 2018 to Regional Director pursuant to organizational changes in Offit Kurman.

93.     Admit the allegations set forth in paragraph "93" of the Complaint, except deny any comments as to Plaintiff's "stature."

94.     Admit the allegations set forth in paragraph "94" of the Complaint.

ANSWERING "Plaintiff Complains About A Sexist Attorney, To No Avail"

95.     Admit the allegations set forth in paragraph "95" of the Complaint.

96.     Admit the allegations set forth in paragraph "96" of the Complaint, but deny knowledge or information sufficient to form a belief as to Plaintiff's state of mind.

97.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "97" of the Complaint, except admit that Mr. Glaser is an attorney in Offit Kurman's employment department.

98.     Admit the allegations set forth in paragraph "98" of the Complaint.

99.     Deny the allegations set forth in paragraph "99" of the Complaint.

100.     Deny the allegations set forth in paragraph "100" of the Complaint, but deny knowledge or information sufficient to form a belief as to Plaintiff's state of mind.

101.     Deny the allegations set forth in paragraph "101" of the Complaint, but deny knowledge or information sufficient to form a belief as to the CHRO's state of mind.

102.     Deny the allegations set forth in paragraph "102" of the Complaint, but deny knowledge or information sufficient to form a belief as to what Plaintiff heard.

103.     Deny the allegations set forth in paragraph "103" of the Complaint.

<u>ANSWERING "Defendant Refuses To Intervene When Sexist Attorneys Refuse To Work With Plaintiff"</u>

104.     Deny the allegations set forth in paragraph "104" of the Complaint.

105.     Admit the allegations set forth in paragraph "105" of the Complaint, but deny that only male attorneys required such assimilation.

106.     Admit the allegations set forth in paragraph "106" of the Complaint.

107.     Deny the allegations set forth in paragraph "107" of the Complaint.

108.     Deny the allegations set forth in paragraph "108" of the Complaint.

109.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the Complaint.

110.     Deny the allegations set forth in paragraph "110" of the Complaint.

111.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the Complaint.

112.     Deny the allegations set forth in paragraph "112" of the Complaint.

113.     Deny the allegations set forth in paragraph "113" of the Complaint.

114.     Deny the allegations set forth in paragraph "114" of the Complaint.

115.     Deny the allegations set forth in paragraph "115" of the Complaint.

116.     Deny the allegations set forth in paragraph "116" of the Complaint.

117.     Deny the allegations set forth in paragraph "117" of the Complaint.

118.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the Complaint.

119.      Deny the allegations set forth in paragraph "119" of the Complaint.

ANSWERING "Plaintiff Begins Experiencing Worsening TMJ Disorder And Anxiety Due To Increased Stress"

120.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the Complaint.

121.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the Complaint.

122.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "122" of the Complaint.

123.     Deny the allegations set forth in paragraph "123" of the Complaint.

ANSWERING "The Only Other Female Regional Director Also Faces Problems Due To The Sexist, Male-Dominated Work Environment"

124.     Deny the allegations set forth in paragraph "124" of the Complaint.

125.     Deny the allegations set forth in paragraph "125" of the Complaint.

126.    Deny the allegations set forth in paragraph "126" of the Complaint.

127.    Deny the allegations set forth in paragraph "127" of the Complaint.

128.    Deny the allegations set forth in paragraph "128" of the Complaint.

129.    Deny the allegations set forth in paragraph "129" of the Complaint.

130.    Deny the allegations set forth in paragraph "130" of the Complaint.

ANSWERING "Attorney Rod Biermann Sexually Harasses Plaintiff And The Other Female
Employees Without Consequence"

131.    Deny the allegations set forth in paragraph "131" of the Complaint.

132.    Deny the allegations set forth in paragraph "132" of the Complaint.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "133" of the Complaint.

134.    Deny the allegations set forth in paragraph "134" of the Complaint, but deny

knowledge or information sufficient to form a belief as to Plaintiff's state of mind.

135.    Deny the allegations set forth in paragraph "135" of the Complaint, but admit that

Mr. Biermann is a labor and employment attorney.

136.    Deny the allegations set forth in paragraph "136" of the Complaint.

137.    Deny the allegations set forth in paragraph "137" of the Complaint.

ANSWERING "Defendant Tells Plaintiff Male Attorneys Find Her "Unhelpful""

138.    Admit the allegations set forth in paragraph "138" of the Complaint.

139.    Admit the allegations set forth in paragraph "139" of the Complaint.

140.    Deny the allegations set forth in paragraph "140" of the Complaint.

141.    Deny the allegations set forth in paragraph "141" of the Complaint.

142.    Deny the allegations set forth in paragraph "142" of the Complaint.

143.    Deny the allegations set forth in paragraph "143" of the Complaint.

144.   Deny the allegations set forth in paragraph "144" of the Complaint.

145.   Deny the allegations set forth in paragraph "145" of the Complaint.

146.   Deny the allegations set forth in paragraph "146" of the Complaint.

147.   Deny the allegations set forth in paragraph "147" of the Complaint.

148.   Deny the allegations set forth in paragraph "148" of the Complaint.

149.   Deny the allegations set forth in paragraph "149" of the Complaint.

ANSWERING "Attorney Biermann Continues Harassing Female Employees"

150.   Deny the allegations set forth in paragraph "150" of the Complaint.

151.   Admit the allegations set forth in paragraph "151" of the Complaint.

152.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "152" of the Complaint.

153.   Deny the allegations set forth in paragraph "153" of the Complaint.

154.   Deny the allegations set forth in paragraph "154" of the Complaint, except admit that Mr. Biermann became a shareholder at Offit Kurman in 2021.

155.   Deny the allegations set forth in paragraph "155" of the Complaint.

156.   Deny the allegations set forth in paragraph "156" of the Complaint, but deny knowledge or information sufficient to form a belief as to Plaintiff's state of mind.

ANSWERING "CEO Ted Offit Physically Intimidates Plaintiff For Expressing An Opinion Contrary To His"

157.   Admit the allegations set forth in paragraph "157" of the Complaint.

158.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "158" of the Complaint.

159.   Deny the allegations set forth in paragraph "159" of the Complaint.

160.   Deny the allegations set forth in paragraph "160" of the Complaint.

161.     Deny the allegations set forth in paragraph "161" of the Complaint.

162.     Deny the allegations set forth in paragraph "162" of the Complaint.

163.     Deny the allegations set forth in paragraph "163" of the Complaint.

164.     Deny the allegations set forth in paragraph "164" of the Complaint.

165.     Deny the allegations set forth in paragraph "165" of the Complaint, but deny knowledge or information sufficient to form a belief as to Plaintiff's state of mind.

166.     Deny the allegations set forth in paragraph "166" of the Complaint.

167.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "167" of the Complaint.

ANSWERING "Plaintiff Delivers A Presentation To Her Superiors To High Praise"

168.     Admit the allegations set forth in paragraph "168" of the Complaint.

169.     Admit the allegations set forth in paragraph "169" of the Complaint.

170.     Admit the allegations set forth in paragraph "170" of the Complaint.

ANSWERING "Plaintiff Reports Another Male Attorney To HR, Again, To No Avail"

171.     Admit the allegations set forth in paragraph "171" of the Complaint, except deny that the only complaints received were from women.

172.     Admit the allegations set forth in paragraph "172" of the Complaint.

173.     Admit the allegations set forth in paragraph "173" of the Complaint, but deny that Plaintiff's complaint mentioned anything about the sex or gender of the staff members.

174.     Deny the allegations set forth in paragraph "174" of the Complaint.

ANSWERING "Defendants Terminate CHRO Hyatt's Employment"

175.     Deny the allegations set forth in paragraph "175" of the Complaint.

176.     Deny the allegations set forth in paragraph "176" of the Complaint.

177.     Deny the allegations set forth in paragraph "177" of the Complaint.

<u>ANSWERING "Defendant Offit Kurman's New HR Business Partner Tells Plaintiff To Stop
Complaining Of Discrimination"</u>

178.    Admit the allegations set forth in paragraph "178" of the Complaint.

179.    Deny the allegations set forth in paragraph "179" of the Complaint.

180.    Deny the allegations set forth in paragraph "180" of the Complaint.

181.    Deny the allegations set forth in paragraph "181" of the Complaint.

182.    Deny the allegations set forth in paragraph "182" of the Complaint.

183.    Deny the allegations set forth in paragraph "183" of the Complaint.

<u>ANSWERING "Plaintiff Continues To Excel In Her Role"</u>

184.    Deny the allegations set forth in paragraph "184" of the Complaint.

185.    Admit the allegations set forth in paragraph "185" of the Complaint.

186.    Admit the allegations set forth in paragraph "186" of the Complaint.

187.    Deny the allegations set forth in paragraph "187" of the Complaint.

188.    Admit the allegations set forth in paragraph "188" of the Complaint.

189.    Deny the allegations set forth in paragraph "189" of the Complaint.

190.    Admit the allegations set forth in paragraph "190" of the Complaint.

191.    Deny the allegations set forth in paragraph "191" of the Complaint.

192.    Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in paragraph "192" of the Complaint.

193.    Deny the allegations set forth in paragraph "193" of the Complaint.

194.    Deny the allegations set forth in paragraph "194" of the Complaint, but admit that
Plaintiff was not given the Chief Marketing Officer position.

<u>ANSWERING "Plaintiff And A Female Colleague Are Forced To Pack Up The Male Attorney's
Offices Before The Firm Moves"</u>

195.    Admit the allegations set forth in paragraph "195" of the Complaint.

196.    Deny the allegations set forth in paragraph "196" of the Complaint.

197.    Deny the allegations set forth in paragraph "197" of the Complaint.

198.    Deny the allegations set forth in paragraph "198" of the Complaint.

199.    Deny the allegations set forth in paragraph "199" of the Complaint.

200.    Deny the allegations set forth in paragraph "200" of the Complaint.

201.    Deny the allegations set forth in paragraph "201" of the Complaint.

202.    Deny the allegations set forth in paragraph "202" of the Complaint.

203.    Deny the allegations set forth in paragraph "203" of the Complaint.

204.    Deny the allegations set forth in paragraph "204" of the Complaint.

205.    Deny the allegations set forth in paragraph "205" of the Complaint.

ANSWERING "Plaintiff And A Female Colleague Are Forced To Act As Secretaries For The Male Attorneys"

206.    Admit the allegations set forth in paragraph "206" of the Complaint.

207.    Deny the allegations set forth in paragraph "207" of the Complaint.

208.    Deny the allegations set forth in paragraph "208" of the Complaint.

209.    Deny the allegations set forth in paragraph "209" of the Complaint.

ANSWERING "Defendant Offit Kurman Continues To Terminate Women Due To The White-Male Dominated, Discriminatory Work Environment"

210.    Deny the allegations set forth in paragraph "210" of the Complaint.

211.    Deny the allegations set forth in paragraph "211" of the Complaint.

212.    Deny the allegations set forth in paragraph "212" of the Complaint.

213.    Deny the allegations set forth in paragraph "213" of the Complaint.

ANSWERING "Plaintiff Gains A New, Highly Problematic And Difficult Attorney As Her Report"

214.    Admit the allegations set forth in paragraph "214" of the Complaint.

215.    Deny the allegations set forth in paragraph "215" of the Complaint.

216.    Deny the allegations set forth in paragraph "216" of the Complaint.

217.    Deny the allegations set forth in paragraph "217" of the Complaint.

218.    Deny the allegations set forth in paragraph "218" of the Complaint.

219.    Deny the allegations set forth in paragraph "219" of the Complaint.

220.    Deny the allegations set forth in paragraph "220" of the Complaint.

ANSWERING "Plaintiff Presents A New Initiative To The Firm, Only To Have Her Work Taken And Unacknowledged"

221.    Deny the allegations set forth in paragraph "221" of the Complaint, except admit that, in or around March 2021, all Offit Kurman Regional Directors were asked to propose a comprehensive leadership initiative to the firm.

222.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "222" of the Complaint.

223.    Deny the allegations set forth in paragraph "223" of the Complaint.

224.    Deny the allegations set forth in paragraph "224" of the Complaint.

225.    Deny the allegations set forth in paragraph "225" of the Complaint, but deny knowledge or information sufficient to form a belief as to Plaintiff's state of mind.

ANSWERING "Attorney Kim Makes Plaintiff's Job Extremely Difficult And Exacerbates Her Anxiety Disorder"

226.    Deny the allegations set forth in paragraph "226" of the Complaint.

227.    Deny the allegations set forth in paragraph "227" of the Complaint.

228.    Deny the allegations set forth in paragraph "228" of the Complaint.

229.    Deny the allegations set forth in paragraph "229" of the Complaint.

230.    Deny the allegations set forth in paragraph "230" of the Complaint, but deny knowledge or information sufficient to form a belief as to Plaintiff's alleged anxiety disorder.

231.    Deny the allegations set forth in paragraph "231" of the Complaint, but admit that Plaintiff requested additional support to work with Ms. Kim.

232.    Deny the allegations set forth in paragraph "232" of the Complaint.

ANSWERING "Defendant Offit Kurman Promotes A Sexual Harasser"

233.    Deny the allegations set forth in paragraph "233" of the Complaint.

234.    Deny the allegations set forth in paragraph "234" of the Complaint.

235.    Deny the allegations set forth in paragraph "235" of the Complaint.

236.    Deny the allegations set forth in paragraph "236" of the Complaint.

237.    Deny the allegations set forth in paragraph "237" of the Complaint.

238.    Deny the allegations set forth in paragraph "238" of the Complaint.

239.    Deny the allegations set forth in paragraph "239" of the Complaint, except admit that Repcyznski was made a Practice Group Leader.

240.    Deny the allegations set forth in paragraph "240" of the Complaint, but deny knowledge or information sufficient to form a belief as to Plaintiff's state of mind.

ANSWERING "Defendant Again Tells Plaintiff To Stop Complaining To HR"

241.    Admit the allegations set forth in paragraph "241" of the Complaint.

242.    Deny the allegations set forth in paragraph "242" of the Complaint, but admit that Plaintiff received a raise and performance bonus at the review.

243.    Deny the allegations set forth in paragraph "243" of the Complaint.

244.    Admit the allegations set forth in paragraph "244" of the Complaint.

245.    Deny the allegations set forth in paragraph "245" of the Complaint.

246.    Deny the allegations set forth in paragraph "246" of the Complaint.

ANSWERING "Defendant Bukowitz Searches For Issues In Plaintiff's Performance In

Retaliation For Her Complaints"

247.    Deny the allegations set forth in paragraph "247" of the Complaint.

248.    Deny the allegations set forth in paragraph "248" of the Complaint.

249.    Admit the allegations set forth in paragraph "249" of the Complaint.

250.    Deny the allegations set forth in paragraph "250" of the Complaint.

251.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "251" of the Complaint.

252.    Deny the allegations set forth in paragraph "252" of the Complaint, but deny knowledge or information sufficient to form a belief as to Plaintiff's beliefs.

253.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "253" of the Complaint.

254.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2514" of the Complaint,

255.    Deny the allegations set forth in paragraph "255" of the Complaint.

ANSWERING "Plaintiff Complains About Attorney Kim To Defendant Bukowitz, Citing Her Anxiety"

256.    Admit the allegations set forth in paragraph "256" of the Complaint.

257.    Deny the allegations set forth in paragraph "257" of the Complaint.

258.    Deny the allegations set forth in paragraph "258" of the Complaint.

259.    Admit the allegations set forth in paragraph "259" of the Complaint.

260.    Admit the allegations set forth in paragraph "260" of the Complaint, but deny any agreement with the use of the word "reluctantly."

ANSWERING "Plaintiff Begins Seeing A Therapist"

261.    Deny the allegations set forth in paragraph "261" of the Complaint.

262.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "262" of the Complaint.

263.   Deny the allegations set forth in paragraph "263" of the Complaint, but deny knowledge or information sufficient to form a belief as to Plaintiff's alleged treatment with a therapist.

<u>ANSWERING "Defendant Pushes Out Multiple Female Employees"</u>

264.   Deny the allegations set forth in paragraph "264" of the Complaint.

265.   Admit the allegations set forth in paragraph "265" of the Complaint.

266.   Admit the allegations set forth in paragraph "266" of the Complaint.

267.   Admit the allegations set forth in paragraph "267" of the Complaint.

268.   Deny the allegations set forth in paragraph "268" of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff's state of mind.

<u>ANSWERING "Plaintiff Reports Attorney Kim To HR"</u>

269.   Deny the allegations set forth in paragraph "269" of the Complaint, except admit that Ms. Kim's administrator called out sick for two weeks in or around early December 2021.

270.   Deny the allegations set forth in paragraph "279" of the Complaint, except admit that Ms. Kim emailed Plaintiff on or around December 9, 2021 to help ensure sufficient coverage while her administrator was out.

271.   Admit the allegations set forth in paragraph "271" of the Complaint, except deny that Plaintiff responded professionally.

272.   Deny the allegations set forth in paragraph "272" of the Complaint.

273.   Admit the allegations set forth in paragraph "273" of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff's state of mind.

274.   Admit the allegations set forth in paragraph "274" of the Complaint.

275.     Admit the allegations set forth in paragraph "275" of the Complaint.

276.     Deny the allegations set forth in paragraph "276" of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff's feelings.

277.     Deny the allegations set forth in paragraph "277" of the Complaint.

278.      Deny the allegations set forth in paragraph "278" of the Complaint.

ANSWERING "Attorney Kim Berates Plaintiff At A Meeting"

279.     Deny the allegations set forth in paragraph "279" of the Complaint.

280.     Admit the allegations set forth in paragraph "280" of the Complaint.

281.     Deny the allegations set forth in paragraph "281" of the Complaint, except admit that Ms. Kim was upset in the meeting.

282.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "282" of the Complaint.

283.     Deny the allegations set forth in paragraph "283" of the Complaint.

284.     Deny the allegations set forth in paragraph "284" of the Complaint, except admit that Plaintiff reported Ms. Kim to Bukowitz and States after the meeting.

285.     Admit the allegations set forth in paragraph "285" of the Complaint.

286.     Deny the allegations set forth in paragraph "286" of the Complaint.

ANSWERING "Defendant Terminates Plaintiff's Employment In Retaliation"

287.     Admit the allegations set forth in paragraph "287" of the Complaint.

288.     Admit the allegations set forth in paragraph "288" of the Complaint.

289.     Admit the allegations set forth in paragraph "289" of the Complaint.

290.     Deny the allegations set forth in paragraph "290" of the Complaint, except admit that Plaintiff's employment was terminated for being increasingly adversarial to staff and management committee decisions.

291.    Deny the allegations set forth in paragraph "291" of the Complaint.

292.    Deny the allegations set forth in paragraph "292" of the Complaint.

293.    Deny the allegations set forth in paragraph "293" of the Complaint.

294.    Deny the allegations set forth in paragraph "294" of the Complaint.

295.    Deny the allegations set forth in paragraph "295" of the Complaint.

### ANSWERING "AS FOR THE FIRST CAUSE OF ACTION"
*(Unequal Pay in Violation of the Equal Pay Act against Defendant Offit Kurman)*

296.    In response to paragraph "296" of the Complaint, Defendants re-allege and incorporate by reference each and every response to each and every aforementioned paragraph as if fully set forth herein.

297.    Admit the allegations set forth in paragraph "297" of the Complaint, and respectfully refer all questions of law to the Court

298.    Admit the allegations set forth in paragraph "298" of the Complaint, and respectfully refer all questions of law to the Court.

299.    Deny the allegations set forth in paragraph "299" of the Complaint, and respectfully refer all questions of law to the Court.

300.    Deny the allegations set forth in paragraph "300" of the Complaint, and respectfully refer all questions of law to the Court.

### ANSWERING "AS FOR THE SECOND CAUSE OF ACTION"
*(Gender/Sex and Disability Discrimination in Violation of the New York State Human Rights Law against all Defendants)*

301.    In response to paragraph "301" of the Complaint, Defendants re-allege and incorporate by reference each and every response to each and every aforementioned paragraph as if fully set forth herein.

302.    Deny the allegations set forth in paragraph "302" of the Complaint, and

respectfully refer all questions of law to the Court.

303.    Deny the allegations set forth in paragraph "303" of the Complaint, and respectfully refer all questions of law to the Court.

304.    Deny the allegations set forth in paragraph "304" of the Complaint, and respectfully refer all questions of law to the Court.

305.    Deny the allegations set forth in paragraph "305" of the Complaint, and respectfully refer all questions of law to the Court.

306.    Deny the allegations set forth in paragraph "306" of the Complaint, and respectfully refer all questions of law to the Court.

## ANSWERING "AS FOR THE THIRD CAUSE OF ACTION"
*(Retaliation in Violation of the New York State Human Rights Law against all Defendants)*

307.    In response to paragraph "307" of the Complaint, Defendants re-allege and incorporate by reference each and every response to each and every aforementioned paragraph as if fully set forth herein.

308.    Deny the allegations set forth in paragraph "308" of the Complaint, and respectfully refer all questions of law to the Court.

309.    Deny the allegations set forth in paragraph "309" of the Complaint, and respectfully refer all questions of law to the Court.

310.    Deny the allegations set forth in paragraph "310" of the Complaint, and respectfully refer all questions of law to the Court.

311.    Deny the allegations set forth in paragraph "311" of the Complaint.

312.    Deny the allegations set forth in paragraph "312" of the Complaint, and respectfully refer all questions of law to the Court.

## ANSWERING "AS FOR THE FOURTH CAUSE OF ACTION"
*(Aiding and Abetting Discrimination and Retaliation under the NYSHRL against the Individual*

*Defendants)*

313.     In response to paragraph "313" of the Complaint, Defendants re-allege and incorporate by reference each and every response to each and every aforementioned paragraph as if fully set forth herein.

314.     Respectfully refer the Court to the text of the referenced statute.

315.     Deny the allegations set forth in paragraph "315" of the Complaint, and respectfully refer all questions of law to the Court.

316.     Deny the allegations set forth in paragraph "316" of the Complaint, and respectfully refer all questions of law to the Court,

317.     Deny the allegations set forth in paragraph "317" of the Complaint, and respectfully refer all questions of law to the Court.

318.      Deny the allegations set forth in paragraph "318" of the Complaint.

319.      Deny the allegations set forth in paragraph "319" of the Complaint, and respectfully refer all questions of law to the Court.

## ANSWERING "AS FOR THE FIFTH CAUSE OF ACTION"
*(Gender/Sex and Disability Discrimination in Violation of the New York City Human Rights Law against all Defendants)*

320.     In response to paragraph "320" of the Complaint, Defendants re-allege and incorporate by reference each and every response to each and every aforementioned paragraph as if fully set forth herein.

321.     Deny the allegations set forth in paragraph "321" of the Complaint, and respectfully refer all questions of law to the Court.

322.      Deny the allegations set forth in paragraph "322" of the Complaint, and respectfully refer all questions of law to the Court.

323.      Deny the allegations set forth in paragraph "323" of the Complaint, and

respectfully refer all questions of law to the Court.

324. Deny the allegations set forth in paragraph "324" of the Complaint, and respectfully refer all questions of law to the Court.

325. Deny the allegations set forth in paragraph "325" of the Complaint, and respectfully refer all questions of law to the Court.

## ANSWERING "AS FOR THE SIXTH CAUSE OF ACTION"
*(Retaliation in Violation of the New York City Human Rights Law against all Defendants)*

326. In response to paragraph "326" of the Complaint, Defendants re-allege and incorporate by reference each and every response to each and every aforementioned paragraph as if fully set forth herein.

327. Deny the allegations set forth in paragraph "327" of the Complaint, and respectfully refer all questions of law to the Court.

328. Deny the allegations set forth in paragraph "328" of the Complaint, and respectfully refer all questions of law to the Court.

329. Deny the allegations set forth in paragraph "329" of the Complaint, and respectfully refer all questions of law to the Court.

330. Deny the allegations set forth in paragraph "330" of the Complaint.

331. Deny the allegations set forth in paragraph "331" of the Complaint, and respectfully refer all questions of law to the Court.

## ANSWERING "AS FOR THE SEVENTH CAUSE OF ACTION"
*(Aiding and Abetting Discrimination and Retaliation under the NYCHRL against the Individual Defendants)*

332. In response to paragraph "332" of the Complaint, Defendants re-allege and incorporate by reference each and every response to each and every aforementioned paragraph as if fully set forth herein.

333.     Respectfully refer the Court to the language of the referenced statute.

334.     Deny the allegations set forth in paragraph "334" of the Complaint, and respectfully refer all questions of law to the Court.

335.     Deny the allegations set forth in paragraph "335" of the Complaint, and respectfully refer all questions of law to the Court.

336.     Deny the allegations set forth in paragraph "336" of the Complaint, and respectfully refer all questions of law to the Court.

337.     Deny the allegations set forth in paragraph "337" of the Complaint.

338.     Deny the allegations set forth in paragraph "338" of the Complaint, and respectfully refer all questions of law to the Court.

### ANSWERING "AS AND FOR THE SEVENTH CAUSE OF ACTION"
*(Violation of The New York State Equal Pay Act Against All Defendants)*

339.     Deny the allegations set forth in paragraph "339" of the Complaint.

340.     Admit the allegations set forth in paragraph "340" of the Complaint, and respectfully refer all questions of law to the Court.

341.     Deny the allegations set forth in paragraph "341" of the Complaint, and respectfully refer all questions of law to the Court,

342.     Deny the allegations set forth in paragraph "342" of the Complaint, and respectfully refer all questions of law to the Court.

343.     Deny the allegations set forth in paragraph "343" of the Complaint, and respectfully refer all questions of law to the Court.

### ANSWERING "DEMAND FOR JURY TRIAL"

The Demand for a jury trial immediately following paragraph "343" of the Complaint states is a request for relief to which no responsive pleading is required.  To the extent a responsive

pleading is required, Defendant denies each and every allegation contained therein and further denies that Plaintiff is entitled to any relief whatsoever.

## ANSWERING "RELIEF DEMANDED"

The "WHEREFORE" clause paragraph immediately following the Demand for Jury Trial of the Complaint states is a request for relief to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendant denies each and every allegation contained therein and further denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

### AS AND FOR A FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim in law or equity upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE

The actions or omissions, if any, by Defendants do not constitute violations of the Fair Labor Standards Act, New York Equal Pay Act, New York State Human Rights Law, or New York City Human Rights Law.

### AS AND FOR A THIRD DEFENSE

Plaintiff's claims are barred by her failure to exhaust administrative remedies.

### AS AND FOR A FOURTH DEFENSE

To the extent any acts or omissions were taken by Defendants, such acts or omissions have been for legitimate business considerations and have been taken in good faith, without any malice and without any intent to injure or harm her, and, therefore, are not violative of any statute, common law, or contract.

### AS AND FOR A FIFTH DEFENSE

To the extent Plaintiff has any damages, she has failed to mitigate such damages, and any

damages that may be awarded to Plaintiff must be reduced accordingly.

### AS AND FOR A SIXTH DEFENSE

To the extent Plaintiff has sustained any injury or losses, such injury or losses are not attributable to Defendants.

### AS AND FOR A SEVENTH DEFENSE

Defendants did not aid, abet, ratify, condone, encourage, or acquiesce in any alleged discriminatory or retaliatory conduct against Plaintiff.

### AS AND FOR AN EIGHTH DEFENSE

The allegations set forth in the Amended Complaint are without merit, false, frivolous, retaliatory, and Defendants reserve the right to seek attorney's fees and costs in defending these baseless claims.

### AS AND FOR A NINTH DEFENSE

Any alleged unlawful discriminatory or retaliatory conduct attributed to Defendants in the Amended Complaint consists of nothing more than what a reasonable person would consider petty slights and trivial inconveniences.

### AS AND FOR A TENTH DEFENSE

Defendants' acts and omissions, if any, were in good faith and without willfulness or discriminatory intent, and complied with all applicable laws, rules, regulations, standards, and statutes.

### AS AND FOR AN ELEVENTH DEFENSE

Defendants' acts and omissions, if any, do not warrant any award of punitive damages.

## AS AND FOR A TWELFTH DEFENSE

Plaintiff's alleged damages are speculative and conclusory, and are therefore unrecoverable.

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiff's damages, if any, are wholly due and owing to her own actions.

## AS AND FOR A FOURTEENTH DEFENSE

Any and all tangible employment actions affecting Plaintiff were based on legitimate non-discriminatory, non-retaliatory reasons.

## AS AND FOR A FIFTEENTH DEFENSE

Some or all of Plaintiff's alleged injuries are due, in whole in part, to her own actions.

## AS AND FOR A SIXTEENTH DEFENSE

The Amended Complaint is barred, in whole or in part, by Plaintiff's failure to properly perform all conditions precedent to suit.

## AS AND FOR A SEVENTEENTH DEFENSE

Plaintiff did not engage in activity protected under the statutes cited herein.

## AS AND FOR AN EIGHTEENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the applicable statute(s) of limitations.

## AS AND FOR A NINETEENTH DEFENSE

Defendants exercised reasonable care to prevent and promptly eliminate any discriminatory conduct in the workplace. Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendants or to otherwise avoid harm.

## AS AND FOR A TWENTIETH DEFENSE

Plaintiff's claims are frivolous and groundless and known by Plaintiff to be frivolous and groundless and without foundation in fact or law.  Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purpose of harassing Defendants.

## AS AND FOR A TWENTY-FIRST DEFENSE

Even if Plaintiff is entitled to recover damages, which Defendants expressly deny, Plaintiff may be barred or limited from recovering damages based on the doctrine of after-acquired evidence.

## AS AND FOR A TWENTY-SECOND DEFENSE

Some or all of Plaintiff's alleged injuries are or may be due, in whole or in part, to the actions of third parties over whom Defendants had no control.

## AS AND FOR A TWENTY-THIRD DEFENSE

Costs or damages alleged to be incurred in the future may not be recovered as they are remote, speculative, contingent and incapable of calculation.

## AS AND FOR A TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and set offs.

## AS AND FOR A TWENTY-FIFTH DEFENSE

Plaintiff was not treated less well than other employees because of her gender, sex, or any other category protected under applicable statutes.

## AS AND FOR A TWENTY-SIXTH DEFENSE

Plaintiff cannot establish a causal connection between any protected activity and any adverse action.

## AS AND FOR A TWENTY-SEVENTH DEFENSE

Plaintiff did not raise any good faith reports of any action or suspected action taken by or within Offit Kurman that is illegal, fraudulent or in violation of any adopted policy of Offit Kurman.

## AS AND FOR A TWENTY-EIGHTH DEFENSE

Plaintiff did not suffer any intimidation, harassment, discrimination, retaliation or other adverse employment consequence as a result of any report(s) she may have made.

## AS AND FOR A TWENTY-NINTH DEFENSE

Defendants reserve their right to amend this Answer or assert additional affirmative or other defenses as warranted by the development of the factual record in this case.

**WHEREFORE** Defendants respectfully demand judgment dismissing the Complaint in its entirety with prejudice, awarding Defendants reasonable attorneys' fees and costs incurred in defending against this false and frivolous action, and any further relief this Court deems just and proper.

Dated: New York, New York
      May 14, 2024

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/Brittany Primavera*
    Mercedes Colwin
    Brittany L. Primavera
    Hannah M. Kucine
    1 Battery Park Plaza, 28th Floor
    New York, NY  10004
    mcolwin@grsm.com
    bprimavera@grsm.com
    hkucine@grsm.com
    Telephone:  (212) 269-5500
    Facsimile:  (212) 269-5505
    Attorneys for Defendants
    OFFIT KURMAN, P.A., AARON BUKOWITZ,
    ROBERT SKINNER, and KARLA STATES