USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/3/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIMBERLEE DEPUY,

                Plaintiff,

-against-

OFFIT KURMAN, P.A., AARON BUKOWITZ, ROBERT SKINNER, and KARLA STATES,

                Defendants.

1:23-cv-10961 (MKV)

**ORDER WITH RESPECT TO THE PARTIES' STIPULATION OF VOLUNTARY DISMISSAL**

MARY KAY VYSKOCIL, United States District Judge:

On May 16, 2025, the parties filed a letter advising the Court that the parties had reached a resolution in principle in this matter. [ECF No. 40]. Shortly thereafter, the Court issued an Order, [ECF No. 41], explaining that because this case involved claims under the Fair Labor Standards Act ("FLSA") under well settled Second Circuit precedent, the Court must review and approve any stipulation dismissing FLSA claims. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) ("Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect."); *see also Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 812-13 (2d Cir. 2022) ("*Cheeks* is applicable to a voluntary dismissal effected according to Rule 41(a)(1)(A)(i)"). Therefore, the Court directed the parties to file a copy of the settlement agreement and a joint letter containing sufficient information to enable the Court to conduct a *Cheeks* review. [ECF No. 41].

The parties failed to comply with the Court's Order. As a result, the Court issued an Order to Show Cause and ordered the parties to submit the *Cheeks* materials on or before June 27, 2025. [ECF No. 42]. Instead of submitting their *Cheeks* materials as ordered, the parties filed a stipulation of voluntary dismissal pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. [ECF No. 45, (the "Stipulation")]. In the Stipulation, the parties dismiss "all causes

of action under the Fair Labor Standards Act . . . and any other wage-related statutes with prejudice." *Id.* In what appears to be the parties' attempt to circumvent the Court's obligation to conduct a *Cheeks* review, the Stipulation states that "no part of the monetary settlement between the parties is allotted to alleged damages for any actual or alleged violation of the FLSA . . . as the documentary evidence showed conclusively that no such violation existed" and Plaintiff "wishes to have her FLSA and Equal Pay claim dismissed with prejudice without any monetary compensation as after reviewing the pay evidence, Plaintiff agrees that she was paid equally." *Id.*

As the Court previously explained, *see* ECF No. 41, under binding precedent, a district court must review and approve any stipulated dismissals of FLSA claims. *See Cheeks*, 796 F.3d at 206; *see also Samake*, 24 F.4th at 812-13. Here, the Court acknowledges that the Stipulation states that the parties did not settle Plaintiffs' FLSA claims. However, the parties attempt to dismiss Plaintiff's FLSA claims with prejudice, have not submitted the settlement agreement, and assert only that the settlement does not involve Plaintiff's FLSA claims notwithstanding that the Court directed the parties to submit *Cheeks* materials.

Accordingly, IT IS HEREBY ORDERED that **within two weeks of this Order**, the parties shall file a letter providing any *binding* legal authority supporting the parties' proposed course of action or state that no such authority exists. In that latter case, the parties should explain how they intend to proceed to resolve this action in accordance with Second Circuit precedent. The parties may submit: **(1)** *Cheeks* materials for judicial approval, *see Cheeks*, 796 F.3d at 206, or **(2)** a stipulation of dismissal pursuant to Rule 41(a)(1)(A) that (a) dismisses claims arising under the FLSA *without prejudice* and (b) certifies that there has been no settlement of FLSA claims, *see also Samake*, 24 F.4th at 811-13, or **(3)** an offer of judgment pursuant to Federal Rule of Civil Procedure 68. *See Mei Xing Yu v. Hasaki Restaurant, Inc.*, 944 F.3d 395, 414 (2d Cir. 2019); *see also Morse v. Warren & Panzer Eng'rs, P.C.*, No. 1:22-CV-3879, 2022 WL 16948554, at *1

(S.D.N.Y. Nov. 15, 2022) ("The first alternative describes the process that the parties must follow if they wish to dismiss FLSA claims with prejudice. The second alternative describes a process that the parties may follow if they wish to dismiss FLSA claims without prejudice if there is no settlement of FLSA claims. The third alternative reminds the parties of their option to resolve this case through an offer of judgment under Federal Rule of Civil Procedure 68.").

**The parties are reminded that failure to comply with the Court's orders or comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

**SO ORDERED.**

**Date:  September 3, 2025**                              _____
**New York, NY**                                                    **MARY KAY VYSKOCIL**
                                                                              **United States District Judge**